IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 19-03048-01/02-CR-S-BCW |
| ) | |
| BONTIEA BERNEDETTE GOSS *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Government's Motion Seeking Authorization to Review Defendants' Spousal Communications. (Doc. 159.) In its Motion, the Government moves for an order authorizing review of certain spousal communications (the "subject communications") prior to trial because (1) the marital communications privilege is an evidentiary privilege that Defendants may assert at trial and should not bar the Government's prosecution team from *reviewing* the subject communications; and (2) the subject communications were not maintained in a confidential manner, as Defendants were aware that their spousal communications, made on their corporate and Charity email accounts, were accessible and reviewable by Charity personnel. Defendants respond that the marital communication privilege extends beyond trial and that Defendants intended their communications to remain confidential. (Doc. 169.)

After full review of all the briefing and the relevant authorities, the Court finds that the *review* of the subject communications by the Government's prosecution team should be permitted prior to trial as a matter of course. Principally, the marital confidential communication privilege "prohibits *testimony* concerning statements privately communicated between spouses during their marriage." *United States v. Jackson,* 939 F.2d 625, 627 (8th Cir.1991) (citation omitted) (emphasis added). The privilege extends only to words or acts that are intended as a communication to the

other spouse during a time when the marriage is valid under state law and the couple is not permanently separated, and the communication must be *made in confidence*; it cannot be made in the presence of a third party, and the communicating spouse cannot intend for it to be passed on to others. *See United States v. Evans*, 966 F.2d 398, 401 (8th Cir. 1992)*; United States v. McConnell,* 903 F.2d 566, 572 (8th Cir.1990).

The Court agrees with the Government that the marital confidential communication privilege is an *evidentiary* rule of exclusion. *See United States v. McVeigh,* 940 F. Supp. 1541, 1566 (D. Colo. 1996); *United States v. Ellefsen*, 2008 WL 2977347, at *2 (W.D. Mo. July 30, 2008). Therefore, the Court concludes that the Government's prosecution team should be permitted review of the subject communications prior to trial and further, that Defendants may assert the issue of marital communication privilege *at trial* should the Government seek to admit any of the subject communications as evidence, e.g., through a motion in limine setting forth the specific communications Defendants want to exclude in accordance with applicable law on marital confidential communication privilege.

As further support, the Court highlights that the Government's filter team, after its extensive review, determined that the "business matters" and "partners in crime" exceptions to marital confidential communications privilege apply to a large subset of the subject communications. (Doc. 171, App. A.) *See also Evans*, 966 F.2d at 401 ("Where the communications involve the spouses' joint criminal activity, however, the interests of justice outweigh the goal of fostering marital harmony."); *Fowler v. United States*, 352 F.2d 100, 113 (8th Cir. 1965) ("The fact that the communication relates to business transactions tends to show that it was not intended as confidential . . . To cloak them with privilege when the transactions come into litigation would be productive of special inconvenience and injustice."). Additionally, given that the subject communications were over sent over corporate and charity email accounts at workplaces with established technology and email use policies, it is likely the subject

communications were not "confidential" and that there is no reasonable expectation of privacy. *See e.g., United States v. Hamilton,* 701 F.3d 404, 408–09 (4th Cir. 2012) (finding Defendant waived any marital communication privilege by emailing his wife on his work email and taking no steps to protect the emails given the employer's policy permitting discretionary inspection of emails); *Cf. Biby v. Bd. of Regents, of U. of Nebraska at Lincoln*, 419 F.3d 845, 850–51 (8th Cir. 2005) (finding that Biby did not have a reasonable expectation of privacy in his workplace computer files when the employer's computer policy informed employees not to expect privacy where there is a legitimate reason to conduct a search); *United States v. Castillo*, 2021 WL 1929547, at *5 (N.D. Iowa May 13, 2021) (finding that the employer's policies and practices eliminated any reasonable expectation of privacy in the laptop). Nevertheless, the Court need not reach the merits of the argument as to whether marital communication privilege applies to specific documents at this time. Should the Government seek to admit any of the subject communications as evidence, and Defendants seek to assert privilege, the Court will then consider arguments.

Accordingly, the Government's Motion is **GRANTED.** It is therefore **ORDERED** that the Government's prosecution team may review the subject communications.

    **IT IS SO ORDERED.**

    */s/ David P. Rush*
    **DAVID P. RUSH,**
    **UNITED STATES MAGISTRATE JUDGE**

Date: May 11, 2022