IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BONTIEA BERNEDETTE GOSS *et. al.*, )<br>)<br>Defendants. ) | No. 19-03048-01/02-CR-S-BCW |

## REPORT AND RECOMMENDATION

Before the Court are three motions, two filed jointly by Defendants Bontiea B. Goss ("Mrs. Goss") and Tommy R. Goss ("Mr. Goss") and one filed individually by Mrs. Goss. The motions are as follows:

- Motion to Dismiss Wire-Fraud Conspiracy filed jointly (doc. 100);
- Motion for a Bill of Particulars and to Strike Surplusage filed jointly (doc. 104); and
- Motion to Dismiss Portions of [c]ount [1] filed by Mrs. Goss (doc. 105).

After full consideration of the legal arguments advanced by the parties, the undersigned **RECOMMENDS** that the three motions be **DENIED**.

**I.    Background**

On November 6, 2019, a grand jury returned a 35-count indictment against Mrs. Goss and Mr. Goss. Mrs. Goss was charged in 24 counts and Mr. Goss in 27 counts, including charges for: wire-fraud conspiracy, in violation of 18 U.S.C § 371; federal funds theft and bribery, in violation of 18 U.S.C §§ 666 and 2; wire and honest services fraud, in violation of 18 U.S.C §§ 1343, 1346, and 2; aiding and assisting in the filing of false tax returns, in violation of 26 U.S.C. § 7206(2); and structuring transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(a)(3).

1

On July 26, 2021, Defendants filed a motion for leave to file pretrial motions out of time, which was granted as unopposed. On August 10, 2021, Defendants filed the aforementioned motions, which have been fully briefed by the parties. On February 8, 2022, the undersigned heard oral argument on these and other pending motions. Mrs. Goss appeared in person with her attorneys, Melanie Morgan and Branden Bell, Mr. Goss appeared in person with his attorneys, Christopher Plumlee, Lisa Geary, and Wendy Johnson, and the Government was represented by Marco Palmieri, Randy Eggert, Shannon Kempf, and Stephanie Mazzanti.

## II. Applicable Law

The right to be charged by a grand jury in an indictment is guaranteed by the United States Constitution for certain crimes. The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The Sixth Amendment further guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and the cause of the accusation." U.S. Const. amend. VI. These Constitutional requirements are implemented by Rule 7(c) of the Federal Rules of Criminal Procedure, which specifies that "the indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

In evaluating motions to dismiss an indictment for insufficiency, the Court makes its determination from the face of a criminal indictment. There is no summary judgment procedure in criminal cases nor do the rules provide for a pre-trial determination of the sufficiency of the evidence. *United States v. Nabors*, 45 F. 3d 238, 240 (8th Cir. 1995). The Court's review is limited to the four corners of the indictment, accepting the Government's allegations as true. *See United States v. Steffen*, 687 F.3d 1104, 1007 n.2 (8th Cir. 2012). An indictment is legally sufficient on its face if (1) it contains all the essential elements of the offense charged, (2) fairly

2

informs the defendant of the charges against which he must defend, and (3) alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *Id.* at 1109. A slightly greater level of detail is required for the bank, mail, or wire fraud statutes, for which an indictment must "specify facts . . . with such reasonable particularity as will apprise the defendant, with reasonable certainty, of the nature of the accusation and as will enable the court to say that the facts stated are sufficient in law to support a conviction." *Id.* at 1113 (cleaned up).

"An indictment which tracks the statutory language is ordinarily sufficient." *United States v. Prelogar*, 996 F.3d 526, 531 (8th Cir. 2021) (cleaned up). "An indictment should not be read in a hyper technical fashion and should be deemed sufficient unless no reasonable construction can be said to charge the offense." *United States v. O'Hagan*, 139 F.3d 641, 651 (8th Cir. 1998) (cleaned up); *see also United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). Where the plain language of an indictment fails to alert a defendant of the "precise nature of the government's allegations," a bill of particulars can cure deficiencies in the indictment's form. *United States v. Dolan,* 120 F.3d 856, 866 (8th Cir. 1997).

The indictment may set out the elements in the words of the statute itself, if "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Nabors*, 45 F. 3d at 240. It is not necessary, however, "that a particular word or phrase appear in the indictment when the element is alleged in a form which substantially states the element." *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988) (cleaned up). "An indictment will ordinarily be held sufficient unless it is so defective" that no reasonable construction could charge the offense. *Sewell,* 513 F.3d at 821.

3

### III. Discussion

#### a. Motion to Dismiss Wire-Fraud Conspiracy

In the Motion to Dismiss Wire-Fraud Conspiracy (doc. 100), Defendants argue that the Government failed to allege an essential element of the wire-fraud conspiracy, specifically, that Defendants intended or contemplated "the use of a wire transmission" to execute the alleged scheme as set forth in section 1343. (Doc. 100 at 6, 11-12.) The Government responds that it "need only allege a conspiracy in which it was reasonably foreseeable that an interstate wire would be used in the execution of the conspiracy." (Doc. 122 at 3.) The question of sufficiency turns on the elements the offense. *See United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021).

Here, in 78 numbered paragraphs, count 1 of the indictment charges a violation of 18 U.S.C. § 371, alleging two separate schemes where Defendants conspired: (1) "to devise and intend to devise a scheme and artifice to defraud the Charity[1], and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises" in violation of 18 U.S.C. § 1343 and (2) "to devise and intend to devise a scheme to defraud and deprive the citizens of Arkansas of their right to the honest services of [Arkansas state legislators], through bribery and kickbacks," in violation of 18 U.S.C. §§ 1343 and 1346. (Doc. 65 at 18-19, ¶ 66 b and e.) The principal conspiracy statute, 18 U.S.C. § 371, states:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

The wire-fraud statute, 18 U.S.C. § 1343, in relevant part, provides:

> [w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses,

---
[1] The Charity is Preferred Family Healthcare, Inc. (PFH) a Missouri nonprofit corporation headquartered in Springfield, Missouri. The Charity herein refers to the "entity" known as PFH after April 30, 2015, and known as Alternative Opportunities, Inc. (AO) prior to May 1, 2015. Doc. 65 at 2, ¶1.

4

representations, or promises, transmits or causes to be transmitted *by means of wire*, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years

(emphasis added). Finally, section 1346 explains that a "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services, but such is limited to bribery and kickback schemes. *See Richter v. Adv. Auto Parts, Inc.*, 686 F.3d 847, 856 (8th Cir. 2012) (explaining that 18 U.S.C. § 1346 includes the offense of honest-services fraud only as applied to bribery and kickback schemes).

Consistent with the statutory language, to support a wire fraud conspiracy conviction under 18 U.S.C. § 371, the Government must prove the following elements:

(1) Two or more persons, including Defendants, reached an agreement or came to an understanding to devise, makeup, or participate in a scheme to commit wire fraud;
(2) Defendants voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and
(3) At the time Defendants joined in the agreement or understanding, Defendants knew the purpose of the agreement or understanding.

*See United States v. Nshanian*, 821 F.3d 1013, 1017 (8th Cir. 2016); *United States v. Hansen*, 791 F.3d 863, 870–71 (8th Cir. 2015). Contrary to Defendants' assertions, to prove conspiracy to commit wire fraud, the Government is not required to demonstrate that Defendants intended or contemplated "the use of a wire transmission" in the scheme. It is enough for the Government to prove that the use of the interstate wires in furtherance of the scheme was reasonably foreseeable. *United States v. Slaughter*, 128 F.3d 623, 628 (8th Cir. 1997) ("To prove wire fraud, the government must show the defendant voluntarily joined a scheme to defraud another out of money, that [they] did so with intent to defraud, that *it was reasonably foreseeable interstate wire communications would be used*, and that interstate wire communications were used.") (emphasis added); *see also United States v. Louper-Morris*, 672 F.3d 539, 555-56 (8th Cir. 2012) ("The

5

substantive wire fraud charges require proof that [the d]efendant joined a scheme to defraud, intended to defraud, reasonably could foresee that interstate wire communications would be used, and participated in a scheme in which wires were in fact used.").

Examining the four corners of the indictment, the undersigned finds that the Government has sufficiently alleged the essential elements of wire fraud conspiracy. Specifically, count 1 alleges that Defendants and others, from in or about 2005 until November 2017, in Greene County, Missouri, "knowingly and unlawfully conspired . . . and agreed together . . . to devise and intend to devise a scheme to defraud the Charity and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises" as well as "to defraud and deprive the citizens of the state of Arkansas of their right to the honest services of [Arkansas state legislators], through bribery and kickbacks," in violation of 18 U.S.C. §§ 1343 and 1346, and details a series of acts in furtherance of the conspiracy. *See United States v. Hayes*, 574 F.3d 460, 473 (8th Cir. 2009) (finding the superseding indictment is sufficient as it pertains to the conspiracy charge where the indictment tracks the language of the conspiracy statute, identifies the federal criminal laws that are the subjects of the conspiracy, alleges each of the essential elements of the crime of conspiracy, states the nature of the fraudulent scheme that was the subject of the conspiracy, specifies the approximate time period during which the conspiracy took place, states the place from which the scheme was allegedly operated, and specifies overt acts that furthered the conspiracy). (Doc. 65 at 18-78.) A particular word or phrase, such as "the use of a wire transmission," is not required where the element is alleged in a form which substantially states the element. Moreover, an indictment is not to be read in a hyper technical fashion, and is sufficient unless no reasonable construction can charge the offense. Here, count 1 sufficiently alleges the essential elements of wire fraud conspiracy, including that Defendants caused or directed interstate financial transactions between persons, entities, and governmental institutions from Missouri and

Arkansas such that the use of wire communications was reasonably foreseeable. *Id.* at ¶¶ 65-75. Therefore, the undersigned concludes that count 1 of the indictment sufficiently alleges a conspiracy to commit wire fraud. As a result, the Motion to Dismiss Wire-Fraud Conspiracy (doc. 100) should be **DENIED**.

> b. **Challenge to Mrs. Goss' Knowledge of Bribes**

In Mrs. Goss's Motion to Dismiss Portions of [c]ount [1] (doc. 105), she contends she could not have conspired to pay bribes to Jonathan Woods and Micah Neal because she did not know about the bribes, was lied to about the bribes, and urged the person who did know about the bribes to tell the FBI. (Doc. 105 at 4.) The issue of Mrs. Goss' knowledge of the alleged bribes and the conspiracy is not appropriate for pretrial review because Mrs. Goss's knowledge is a question of fact reserved for the jury.

A court should decide a pretrial motion before trial unless there is "good cause to defer a ruling." Fed. R. Crim. P. 12(d). "Good cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that fall within the province of the ultimate finder of fact." *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016) (cleaned up). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *Id*. at 604-05 (citation omitted).

The undersigned has already found that the Government has sufficiently alleged wire fraud conspiracy. And here, the issue of Mrs. Goss' knowledge or lack thereof as to any such conspiracy falls squarely in the province of the fact finder. At this stage, it is not within the Court's province to judge the persuasiveness of the Government's allegations or the merit of Defendant's response to the allegations as concerns proof of Mrs. Goss' knowledge. Instead, in reviewing the sufficiency of an indictment, the court accepts the Government's allegations as true, without reference to

7

allegations outside the indicting document. *Steffen*, 687 F.3d at 1107. Adhering to that standard, the undersigned finds the indictment alleges sufficient facts that accepted as true demonstrate Mrs. Goss' knowledge of the conspiracy. Consequently, the Motion to Dismiss Portions of [c]ount [1] (doc. 105) should be **DENIED**.

      c.      **Motion for a Bill of Particulars and to Strike Surplusage**

In the Motion for a Bill of Particulars and to Strike Surplusage (doc. 104), Defendants argue: (1) the indictment sets forth 78 pages of factual allegations, but fails to identify the allegations supporting each of the underlying substantive counts, inhibiting the Defendants from preparing a defense tailored to any specific charge; (2) further, the use of the term "official action" is vague and the indictment fails to identify the official acts sufficiently; and (3) the terms "legislative action" and "including but not limited to" should be stuck as surplusage because they are irrelevant and prejudicial. Defendants move for a bill of particulars identifying the allegations that correspond to each charge, and if not granted, then to strike the incorporation allegations as surplusage.

"A bill of particulars serves to inform a defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague or indefinite." *United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (citation omitted). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011). The court has broad discretion in granting or denying a bill of particulars. *United States v. Sileven,* 985 F.2d 962, 966 (8th Cir.1993). A bill of particulars is not required when an indictment is sufficient to apprise the defendant of the charges against him. *See United States v. Matlock*, 675 F.2d 981 (8th

8

Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars.").

The undersigned finds that the indictment here provides sufficient detail for Defendants to understand the nature of the charges, prepare a defense, and avoid surprise. Contrary to Defendants' claims, the indictment is not vague and indefinite, impairing Defendants' ability to prepare a defense.

Here, the indictment sets forth approximately 16 pages of general allegations, outlining the persons, entities, governmental and financial institutions, as well as various initiatives and 501(c) regulations implicated in the conspiracies and underlying substantive offenses, as well as 52 pages of detailed overt acts, all of which are properly re-incorporated into each of the counts. Additionally, the Government has provided a considerable amount of discovery to Defendants, who have had ample time (over two years) to review said discovery, and should be capable, from the discovery materials provided, of determining the information relevant to the alleged offenses. *See United States v. Lundstrom*, 880 F.3d 423, 439-40 (8th Cir. 2018) (affirming denial of a motion for bill of particulars where "the government explained its theory of the case" and "provided [the defendant] with considerable discovery"); *see also United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery . . . obviates the need for a bill of particulars.").

Defendants' request for further specificity beyond the 98-page indictment, and in particular, to pair specific overt-act allegations to the corresponding offenses, in any reasonable reading, appears to be an effort at a detailed disclosure of the evidence that will be presented at trial, including the Government's trial strategy. The Eighth Circuit has held that a bill of particulars may not be used for such discovery purposes. *Huggans*, 650 F.3d at 1220; *see United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993) ("A bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial."); *Spinelli v. United States*, 382 F.2d 871, 889 (8th Cir. 1967), *rev'd on other grounds*, 393

9

U.S. 410 (1969) (finding a bill of particulars is not to be used in requiring "the government to disclose either its legal theory of the case of furnish unnecessary evidentiary facts as to [a defendant's] method of operation"). Thus, the undersigned concludes that requiring the Government to provide a bill of particulars is unwarranted in this case.

Defendants next argue that the Court should strike the terms "legislative action" and "including but not limited to" as well as incorporation allegations from the indictment as irrelevant and prejudicial surplusage. "As a general rule, an indictment may not be amended." *United States v. Ross,* 210 F.3d 916, 922 (8th Cir.), *cert. denied,* 531 U.S. 969, 121 S.Ct. 405, 148 L.Ed.2d 313 (2000). A defendant's motion to strike surplusage, pursuant to Federal Rules of Criminal Procedure 7(d) "should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *United States v. Figueroa,* 900 F.2d 1211, 1218 (8th Cir. 1990) (internal quotations omitted).

Here, the term "legislative action" is not irrelevant nor prejudicial, considering that some of the alleged "official" acts in the indictment are indeed "legislative," e.g. impeding initiatives, initiating legislative audits, sponsoring, filing, or voting on legislation, and directing the award of funds. (Doc. 65 at 24-25, 47, 63-67.) Similarly, the language, "including but not limited to" need not be stricken, because the Government is not required to allege "every overt act" in furtherance of a conspiracy, nor is the Government limited to proof of only those overt acts charged in the indictment. *United States v. Sellers*, 603 F.2d 53, 56 (8th Cir. 1979), *vacated on other grounds*, 447 U.S. 932 (8th Cir. 1980). Striking these terms now would be premature prior to a trial in the case, considering also that a proper jury instruction can cure any alleged prejudicial effect of the contested allegations in the indictment. Lastly, the allegations incorporating by reference previous paragraphs are not irrelevant nor prejudicial, and in fact, are highly relevant to the complex schemes underlying the substantive charges. Therefore, the undersigned concludes that the

contested terms need not be stricken as surplusage. Accordingly, the Motion for a Bill of Particulars and to Strike Surplusage (doc. 104) should be **DENIED**.

## IV. Conclusion

Based on the foregoing, it is hereby **RECOMMENDED** that the Court enter an order **DENYING**: the Joint Motion to Dismiss Wire-Fraud Conspiracy (doc. 100); (2) Mrs. Goss' Motion to Dismiss Portions of [c]ount [1] (doc. 105); and (3) the Joint Motion for a Bill of Particulars and to Strike Surplusage (doc. 104).

*/s/ David P. Rush*
**DAVID P. RUSH,**
**UNITED STATES MAGISTRATE JUDGE**

Date: May 24, 2022