IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:19-CR-03048-1-BCW |
| ) | Case No. 6:19-CR-03048-2-BCW |
| ) | |
| BONTIEA BERNEDETTE GOSS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Magistrate Judge Rush's Report and Recommendation (Doc. #195) denying Defendants' joint motion to dismiss the General Improvement Funds (GIF) related bribery charges (Doc. #102). On June 7, 2022, Defendants filed objections to the Report and Recommendation (Doc. #204) and on June 21, 2022, the Government filed a response (Doc. #211).

In Defendants' underlying motion, Defendants seek to dismiss portions of count 1, as well as counts 5-7, 8-12, 16, 17, 21, and 22, arguing the indictment does not sufficiently allege the essential elements of federal funds bribery or honest services fraud. Defendants present six arguments in support of their motion to dismiss: (1) the federal funds bribery statute forbids paying a bribe to "an agent" of an entity that conducts a transaction, and here, the alleged payees (state legislators) were not "agents" of the state-government agency or nonprofit organization that conducted the transaction; (2) the federal funds bribery statute prohibits paying a bribe for an "official act," however, the acts of the payees here merely expressed support—writing letters or making phone calls—and such does not constitute an "official act" under the statute; (3) the GIF-related, federal funds bribery charges fail to allege a "quid-pro-quo agreement" required under 18 U.S.C. § 666(a)(2); (4) portions of counts 1, 6, and 7, relating to the hiring of person 14 and paying a retainer to co-defendant Hutchinson, should be dismissed because § 666(c) explicitly exempts employment or "bona fide salary, wages, fees, or other compensation"; (5) count 1 fails to allege an "agreement" to violate the federal funds bribery statute;

1

and (6) the honest services fraud charges should be dismissed because the state legislators performed unofficial acts and even if the acts constituted official acts, the alleged payments were not bribes since it did not induce future acts, and thus, must be construed as gratuities.

On February 8, 2022, Judge Rush heard oral argument on Defendants' motion and on May 24, 2022, issued the Report and Recommendation recommending a denial of the motion to dismiss. After an independent review of the record, the applicable law, and the parties' arguments, the Court adopts Magistrate Judge Rush's findings of fact and conclusions of law. Accordingly, it is hereby

ORDERED for the reasons stated in the Report and Recommendation (Doc. #195) Defendants' joint motion to dismiss fraud counts for failure to state an offense (Doc. #102) is DENIED. It is further

ORDERED that Magistrate Judge Rush's Report and Recommendation be attached to and made part of this Order.

IT IS SO ORDERED.

DATED: September 19, 2022

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT